MICHAEL BAILEY
United States Attorney
District of Arizona
REESE V. BOSTWICK
Assistant U.S. Attorney
Arizona State Bar No. 009934
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: reese.bostwick@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>2001 Mercedes Benz S430<br>VIN: WDBNG70J61A220322;<br><br>2006 Nissan Titan<br>VIN: 1N6AA06A26N518606;<br><br>1999 Chevrolet Corvette<br>VIN: 1G1YY32GXX5121678;<br><br>$62,020 in U.S. Currency;<br><br>$4,109 in U.S. Currency;<br><br>Three assorted Rolex watches with an estimated value of $25,525<br><br>    Defendants. | COMPLAINT FOR FORFEITURE <u>IN</u> <u>REM</u> |

   The United States of America, by and through its undersigned attorneys, hereby brings this complaint and alleges as follows in accordance with Supplemental Rule G(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. That this is a civil action in rem brought to enforce the provisions of Title 21, United States Code, Section 881(a)(4) and (a)(6) for the forfeiture of a 2001 Mercedes Benz S430 VIN: WDBNG70J61A220322; a 2006 Nissan Titan VIN: 1N6AA06A26N518606; a 1999 Chevrolet Corvette VIN: 1G1YY32GXX5121678; $62,020 in U.S. currency $4,109 in U.S. currency; and three assorted Rolex watches with an estimated value of $25,525, (hereinafter "defendant properties"), which were used or were intended for use to transport or facilitate the transportation, sale, receipt, possession, or concealment of synthetic cannabinoids, or which represent the proceeds of synthetic cannabinoids trafficking, or are traceable to synthetic cannabinoids trafficking.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 21 U.S.C. §881(h) and 28 U.S.C. §§1345 and 1355(a).

3. This Court has in rem jurisdiction pursuant to 28 U.S.C. § 1355(b).

4. Venue is proper in this District pursuant to 28 U.S.C. §1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this District and pursuant to 28 U.S.C. § 1395(b) because the defendant properties are located in this District.

## BASIS FOR FORFEITURE

5. The United States alleges that the defendant properties are subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 881(a)(4), and (a)(6), and 18 U.S.C. 981(a)(1)(C) because they were used or intended for use to transport or facilitate the transportation, sale, receipt, possession, or concealment of synthetic cannabinoids, or constitute proceeds, or are traceable to proceeds of synthetic cannabinoids trafficking.

## FACTS

6. The attached Affidavit of Amber Bernard, Special Agent with the Drug Enforcement Administration, is incorporated herein by reference.

## CLAIM FOR RELIEF

WHEREFORE, the United States prays that the defendant properties be forfeited to the United States and for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted this 5th day of December, 2019.

        MICHAEL BAILEY
        United States Attorney
        District of Arizona

*S/ Reese V. Bostwick*

REESE V. BOSTWICK
Assistant U.S. Attorney

## VERIFICATION

I, Amber Bernard, hereby verify and declare under penalty of perjury that I am a Special Agent with the Drug Enforcement Administration, that I have read the foregoing Complaint for Forfeiture <u>In-Rem</u> and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my case, together with others as a Special Agent with the Drug Enforcement Administration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 12/5/19

Amber Bernard, Special Agent
Drug Enforcement Administration

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ❏ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

# AFFIDAVIT

Your Affiant, AMBER BERNARD, a Special Agent, with the Drug Enforcement Administration (DEA), having been duly sworn, states as follows:

1.  Your Affiant is an investigative law enforcement officer of the United States within the meaning of Title 18, United States Code, Section, 2510(7), who is empowered by law to conduct investigations and to make arrests for federal felony offenses.

2.  Your Affiant is a Special Agent with the Drug Enforcement Administration (DEA) since August 2017. Your Affiant is currently assigned to the Phoenix Field Division-Tucson District Office, in Tucson, Arizona (AZ) as a member of Strike Force.

3.  In September 2017, your Affiant attended 19 weeks at the Basic Agent Training Program at the DEA Justice Training Center in Quantico, Virginia. While attending Basic Agent Training, your Affiant received instruction on topics including narcotics identification, surveillance techniques, and methods of operation of narcotics traffickers, undercover operations and current trends/patterns involving the distribution of narcotics. Uniform Controlled Substance Act violations, clandestine laboratory investigation, indoor/outdoor production of marijuana, asset forfeiture, smuggling techniques, interdiction operations and financial investigations were all or part of the curriculum.

4.  Prior to employment with the DEA, your Affiant was employed as an Investigator with the Escambia County Sheriff's Office (ECSO) located in Pensacola, Florida for eight years. While employed with the ECSO, your Affiant was assigned to Narcotics for six years and Robbery/Homicide for two years. Prior to employment with the ECSO, your Affiant obtained a Bachelor's of Arts degree in Criminal Justice at the University of West Florida in 2007.

5.  Your Affiant has participated in numerous interviews with individuals involved in the distribution, transportation, and sale of controlled substances regarding their operations. As a result of your Affiant's experience, your Affiant has become familiar with the day-to-day

operations of drug traffickers and the methods used to import, transport, conceal, and distribute narcotics and narcotic proceeds. Your Affiant is aware that drug traffickers often utilize sophisticated methods to carry out their drug trafficking activities including utilizing only trusted individuals and family members. Your Affiant is also aware that drug trafficking organizations operating in the United States, as well as foreign nations, have knowledge of law enforcement techniques and regularly employ methods to elude law enforcement such as aliases and fictitious identifications, prepaid cellular telephones with fictitious billing and subscriber information, and compartmentalizing the activities and knowledge of their members to limit cooperation with law enforcement in the event of a member's arrest.

6.   Your Affiant is a federal law enforcement officer of the United States within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C).

7.   The facts in this affidavit come from your Affiant's review of the reports, court authorized intercepts, and case file associated with this investigation, and from other law enforcement officers either directly or indirectly through their oral and written reports or affidavits. Your Affiant also relies on your Affiant's experience, training and background as an Investigator in evaluating this information. As this affidavit is submitted for a limited purpose, it does not contain all aspects of the investigation.

8.   This affidavit is made in support of the forfeiture for a 2001 Mercedes Benz S430, VIN: WDBNG70J61A220322; a 2006 Nissan Titan, VIN: 1N6AA06A26N518606; a 1999 Chevrolet Corvette, VIN: 1G1YY32GXX5121678; $62,020 in U.S. currency; $4,109 in U.S. currency; and three assorted Rolex watches with an estimated value of $25,525, which were used or intended for use to transport or facilitate the transportation, sale, receipt, possession, or concealment of synthetic cannabinoids, or constitute proceeds, or are traceable to proceeds of synthetic cannabinoids trafficking in violation of Title 21, United States Code, Sections 813, 841, and 846, and Title 18, United States Code, Sections 1341 and 1349, and are therefore forfeitable pursuant to Title 21, United States Code, Sections 881(a)(4) and (a)(6), and Title 18, United States Code, Section 981(a)(1)(C).

9. A criminal investigation into a drug trafficking organization involved in the distribution of "spice" at multiple locations in Tucson, Arizona and elsewhere, showed that Naji ABDALKHALEQ coordinated the manufacturing and distribution of illegal synthetic cannabinoids. During the course of the investigation, it was determined that Naji ABDALKHALEQ obtained large quantities of U.S. currency that was generated by the illegal sale of synthetic cannabinoids.

10. On July 27, 2016, a search warrant was executed at Naji ABDALKHALEQ's residence in Aurora, Colorado. During the execution of the search warrant law enforcement officers seized a 2001 Mercedes Benz S430, VIN: WDBNG70J61A220322; a 2006 Nissan Titan, VIN: 1N6AA06A26N518606; a 1999 Chevrolet Corvette, VIN: 1G1YY32GXX5121678; $62,020 in U.S. currency; $4,109 in U.S. currency; and three assorted Rolex watches with an estimated value of $25,525.

11. The items were believed to have been used by Naji ABDALKHALEQ to facilitate the manufacture and distribution of illegal synthetic cannabinoids, or be the proceeds of the distribution of illegal synthetic cannabinoids. These items were subsequently listed as being subject to forfeiture in the Indictment, the Superseding Indictment, or the Bill of Particulars for Forfeiture of Property filed in relation to CR-16-1431-TUC-JGZ (LCK).

12. On August 2, 2016, in the United States District Court, District of Arizona, criminal matter CR-16-1431-TUC-JGZ (LCK), Naji ABDALKHALEQ was indicted in a five count Indictment, charging the defendant, and two other co-conspirators, with felony violations of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(C), Conspiracy to Possess with Intent to Distribute Synthetic Cannabinoids, Count 1; Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C), Possession with Intent to Distribute Synthetic Cannabinoids, Count 2; Title 18, United States Code, Section 1349, Conspiracy to Commit Mail Fraud, Count 3; Title 18, United States Code, Section 1341, Mail Fraud, Count 4; and Title 18, United States Code, Section 1952 and 371, Conspiracy to Commit Interstate and Foreign Travel and Transportation in Aid of Racketeering Enterprises, Count 5. The Indictment further contained a Forfeiture Allegation

stating that a 2001 Lexus LS4[1] be forfeited to the government pursuant to Title 21, United States Code, Section 853.

13. On September 28, 2016, a Superseding Indictment was filed against Naji ABDALKHALEQ and the same two other co-conspirators. An additional charge was added to the Superseding Indictment, Conspiracy to Commit Interstate and Foreign Travel or Transportation in aid of Racketeering Enterprises pursuant to Title 18, United States Code, Sections 1952 and 371. Additional assets were also included in the Forfeiture Allegation, namely $164,944 in United States currency[2]; $62,020 in United States currency; $4,109 in United States currency; and $25,320 in money orders[3].

14. On December 23, 2016, a Bill of Particulars for Forfeiture of Property was filed, naming a 2001 Mercedes Benz S430, VIN: WDBNG70J61A220322, a 2006 Nissan Titan, 1N6AA06A26N518606, a 1999 Chevrolet Corvette, VIN: 1G1YY32GXX5121678, and three assorted Rolex watches with an estimated value of $25,525 for forfeiture, subjects of this civil action in rem.

15. On June 16, 2017, pursuant to a written plea agreement, Naji ABDALKHALEQ pled guilty to a violation of Title 18, United States Code, Sections 1341, 1349, Conspiracy to Commit Mail Fraud, Count Four; and to a violation of Title 18, United States Code, Sections 1952 and 371, Conspiracy to Commit Interstate and Foreign Travel and Transportation in Aid of Racketeering Enterprises, Count Six of the Superseding Indictment. Pursuant to the written plea agreement, Naji ABDULKHALEQ agreed to forfeit a 2001 Mercedes Benz S430, VIN: WDBNG70J61A220322; a 2006 Nissan Titan, VIN: 1N6AA06A26N518606; a 1999 Chevrolet Corvette, VIN: 1G1YY32GXX5121678; $62,020 in U.S. currency; $4,109 in U.S. currency; and three assorted Rolex watches with an estimated value of $25,525.

---

[1] The 2001 Lexus SL4 was not forfeited and was returned to a third party.
[2] The $164,922 in United States currency will be judicially forfeited as part of co-defendant Majdi Khaleq's sentencing.
[3] The $25,320 in money orders will be judicially forfeited as part of co-defendant Majdi Khaleq's sentencing.

16. Pursuant to the written plea agreement entered on June 16, 2017, Naji ABDALKHALEQ agreed to the following facts:

   a. Between in or around January 2015 until July 27, 2016, Naji Abdalkhaleq was part of a conspiracy to manufacture and distribute illegal synthetic cannabinoids. The defendant, and other co-conspirators, devised a scheme to defraud and knowingly caused to be delivered by mail or by any private or commercial interstate carrier any matter or thing at the place at which it is directed to be delivered by the person to whom it is addressed, that being another co-conspirator in either Tucson, Arizona or Texas.

   b. This conspiracy took place in Colorado, California, Arizona, Texas and other locations. During this time, Abdalkhaleq coordinated the manufacture of illegal synthetic cannabinoids. The manufacture of the synthetic cannabinoids would take place in a warehouse in Long Beach, California. Abdalkhaleq took orders from various individuals in Arizona and Texas who wanted to sell synthetic cannabinoids in their smoke shops or other businesses. Abdalkhaleq would communicate with Ana Patricia Hidalgo-Hernandez who was the person who actually mixed and packaged the synthetic cannabinoids in the Long Beach warehouse. Hidalgo-Hernandez would then either mail the shipment via commercial carrier or hand deliver the synthetic cannabinoids to individuals who had traveled to the Los Angeles area from Tucson, Arizona, and other places outside of California.

   c. Abdalkhaleq admits that the synthetic cannabinoids that were manufactured and mixed at his direction contained, at different times, substances known as XLR-11, UR-144, AB-PINACA and AB-CHMINACA. All of these substances are controlled substances. Some of the synthetic cannabinoids that were made and delivered at this direction contained 5F-AMB and AMB-FUBINACA. 5F-AMB and AMB-FUBINACA each have a stimulant, depressant or hallucinogenic effect on the central nervous system that is similar to or substantially greater that the stimulant, depressant or hallucinogenic effect on the central nervous system of a Schedule I or Schedule II controlled substance and are therefore controlled substance analogues as defined by 21 U.S.C. Code Section 802(32).

    d. Abdalkhaleq admits that he knew that the synthetic cannabinoids involved in this conspiracy contained controlled substances and controlled substance analogues. These synthetic cannabinoids would be delivered to various individuals including Jamil Qasem, Mazin Saleh, Muhieldin Muhieldin, Abdulaziz Shahin, Nasir Ibrahim, Abdulkader Alghaithi, Najib Alghaithi, Sharif Hamid, Kholoud Hamdi or people acting on behalf of these individuals. Abdalkhaleq also admitted that he knew the synthetic cannabinoids that contained controlled substances analogues were intended for human consumption.

    e. Naji Abdalkhaleq agrees that he did these acts with the intent to promote, manage, carry on and facilitate the promotion, management, establishment, or carrying on, of the conspiracy to distribute the above listed controlled substances and controlled substance analogues. Naji Abdalkhaleq further agrees that these acts were performed or attempted to perform an act to promote, manage, establish, carry on or facilitated the promotion, management, establishment, or carrying on, of the conspiracy to distribute the above listed controlled substances and controlled substance analogues.

    f. Naji Abdalkhaleq agrees that the total weight of the synthetic cannabinoids involved in the conspiracy was the equivalent of between 3000 and 7000 kilograms of marijuana under the 1:167 ratio set forth in U.S.S.G. Section 2D1.1, Application Note 8, Subsection D, Marijuana to Synthetic Tetrahydrocannabinol.

17. After Naji ABDALKHALEQ entered his guilty plea, pursuant to the plea agreement, United States Magistrate Judge Bruce G. Macdonald signed a Preliminary Order of Forfeiture directing the forfeiture of a 2001 Mercedes Benz S430, VIN: WDBNG70J61A220322; a 2006 Nissan Titan, VIN: 1N6AA06A26N518606; a 1999 Chevrolet Corvette, VIN: 1G1YY32GXX5121678; $62,020 in U.S. currency; $4,109 in U.S. currency; and three assorted Rolex watches with an estimated value of $25,525.

18. Naji ABDALKHALEQ, who was allowed to remain out of custody, was set to be sentenced on February 26, 2018. Naji ABDALKHALEQ failed to appear for sentencing and a warrant was issued for his arrest. Naji ABDALKHALEQ is currently a fugitive. Until Naji ABDALKHALEQ is apprehended and sentenced, the United States is unable to obtain a Final Order of Forfeiture for

the property listed in the Preliminary Order of Forfeiture signed by United States Magistrate Judge Bruce G. Macdonald. This civil forfeiture complaint is being filed to complete the judicial forfeiture of the property Naji ABDALKHALEQ agreed to forfeit as part of his plea agreement with the Government.

19. Based upon your Affiant's knowledge of the facts of this investigation contained herein, your Affiant's experience, as well as the experience of other investigators that your Affiant has conferred with regarding this investigation, it is submitted that probable cause exists to believe that a 2001 Mercedes Benz S430, VIN: WDBNG70J61A220322; a 2006 Nissan Titan, VIN: 1N6AA06A26N518606; a 1999 Chevrolet Corvette, VIN: 1G1YY32GXX5121678; $62,020 in U.S. currency; $4,109 in U.S. currency; and three assorted Rolex watches with an estimated value of $25,525 are subject to forfeiture pursuant to Title 21, United States Code, Sections 881(a)(4) and (a)(6), and Title 18, United States Code, Section 981(a)(1)(C).

Further, your Affiant sayeth not.

TAYLOR CARTWRIGHT
Notary Public - State of Arizona
PIMA COUNTY
Commission # 563848
Expires April 16, 2023

_____
AMBER BERNARD, Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on this 5th day of December, 2019.

_____
Notary Public